DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jermaine L. Levy, | ) | |
| | ) | CASE NO.1:07CV1806 |
| Petitioner, | ) | 1:02CV0671 |
| | ) | 1:99CR0279 |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| United States of America, | ) | (Case No. 1:07CV1806, Doc. No. 1). |
| | ) | (Case No. 1:02CV0671, Doc. No. 24) |
| Respondent. | ) | |
| | ) | |

### **I. Introduction**

Before the Court, in Case No. 1:07CV1806, is Defendant-Petitioner Jermaine Levy's second petition for relief pursuant to 28 U.S.C. Section 2255. Petitioner seeks to correct the ten year sentence imposed by the Court following Petitioner's convictions for conspiracy to possess with the intent to distribute cocaine, tax evasion and crimes related to the planning and execution of witness intimidation in the form of throwing acid causing serious harm to a witness in the criminal matter.[1]

Shortly after filing his second Section 2255 petition, on July 2, 2007, Petitioner filed a Motion pursuant to Fed. R. Civ. P. 60(b) for relief from the decision in Petitioner's first Section 2255 petition, which was filed in 2002 and assigned Case No. 1:02CV0671. The Court denied Petitioner's first petition for habeas relief in a Memorandum Opinion and Judgment Entry filed July 23, 2002. See Case No. 1:02CV0671, Docket No. 13.

---

[1] With respect to the attack on the witness, Petitioner pled guilty to several counts including solicitation to commit a crime of violence, retaliating against a witness in violation of 18 U.S.C. Section 1513 and being an accessory after the fact in violation of 18 U.S.C. Section 3.

(1:07CV1806)
(1:02CV0671)
(1:99CR0279)

Shortly after the 2002 decision, Petitioner filed a motion pursuant to Fed. R. Civ. P. 59 to amend the judgment. The Court denied the Rule 59 motion in what became another ten page Memorandum Opinion analyzing the claims brought by Petitioner, which the Court found to be without merit. Case No. 1:02CV0671, Docket No. 17. The Sixth Circuit denied Petitioner's application for a certificate of appealability. See Case No.1:02CV0671, Docket No. 23.

For the following reasons, Petitioner's second petition for relief pursuant to Section 2255 and Petitioner's Rule 60(b) motion are denied.

## II. Discussion

A. Case No. 1:07CV1806, Docket No. 1

Pursuant to 28 U.S.C. Section 2244, Petitioner must seek leave of the Sixth Circuit Court of Appeals before filing a second or successive Section 2255 petition with the Court. Petitioner makes no showing of receiving the necessary leave of court to file a second petition. Accordingly, the Court dismisses the petition as a successive petition.

B. Case No. 1:02CV0671, Docket No. 24

Petitioner has also filed a separate motion, pursuant to Rule 60(b), in his earlier Section 2255 case. However, rather than consider the matter according to Rule 60(b), the Court construes this motion to vacate the judgment as defendant's third attempt at habeas relief pursuant to 28 U.S.C. 2255. In In re Nailor, 487 F.3d 1018, (6th Cir. 2007), the Sixth Circuit provided guidance on when the district courts should construe a Rule 60(b) motion as in fact a habeas petition pursuant to 28 U.S.C. 2255:

2

(1:07CV1806)
(1:02CV0671)
(1:99CR0279)

> Because of all of Nailor's arguments could have been raised in the first Section 2255 motion, the Section 2255 motion at issue is a second or successive Section 2255 motion that requires our authorization for filing. . . . To obtain authorization, Nailor's second or successive Section 2255 motion must be based upon:
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Nailor, 487 F.3d at 1023.

Defendant does not claim that there is newly discovered evidence in support of his claim and he does not argue that there is a new rule of constitutional law now available to him that would afford him relief.  As in Nailor, petitioner's arguments could have been raised at the time of the filing of the first petition. Accordingly, the Court finds that the Rule 60(b) motion is also successive petition for habeas relief that requires authorization from the Sixth Circuit before it may proceed and Petitioner has made no showing of having obtained the required leave. For that reason, it is also denied.

(1:07CV1806)
(1:02CV0671)
(1:99CR0279)

### III. Conclusion

For the foregoing reasons, in Case No. 1:07CV1806, Petitioner Jermaine Levy's second petition for relief pursuant to 28 U.S.C. Section 2255 is denied. Further, Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) in Case No. 1:02CV0671, which the Court construes as a successive petition made pursuant to 28 U.S.C. 2255, is also denied.

Pursuant to 28 U.S.C. Section 2253(c) and Fed. R. App. P. 22(b), the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

  August 13, 2007                                     */s/ David D. Dowd, Jr.*
Date                                                             David D. Dowd, Jr.
                                                                 U.S. District Judge